accidental means or from disease. The insured was forty-two years old, robust and vigorous. He never had been seriously ill, never had complained of heart trouble, and on the day of the accident appeared to be in good health. While no one saw him fall, it appears that the sidewalk was covered with ice, and the jury would be justified in inferring that the condition of the sidewalk was the cause of his fall. He did not die instantly but was assisted to a cab and recognized a friend and gave directions to the taximan as to where he wanted to be taken. Dr. Burstein, a heart specialist, and Dr. Kimbrig, the insured's family physician, called by plaintiff, testified that the fall, which resulted in multiple contusions and abrasions, produced shock, followed by vasomotor paralysis, which caused the insured's death. The autopsy report states the cause of death as coronary sclerosis with myocardial changes, and the medical examiner, called by defendant, so testified, as did Dr. DeGraff, who based his opinion on the findings recited in the autopsy report. Dr. Burstein testified that there was nothing in the autopsy report to substantiate the medical examiner's conclusion that death was due to coronary sclerosis and myocardial degeneration; but that assuming the findings disclosed by the autopsy report to be true, the insured died from vasomotor paralysis resulting from shock following the fall. In view of the conflicting testimony of the experts, a question of fact was presented as to the cause of death. (*MacNair v. Commercial Travelers Mut. Acc. Assn.*, 275 N. Y. 630; *Slavin v. Metropolitan Life Ins. Co.*, 249 App. Div. 805; *Sagendorf v. Prudential Ins. Co. of America*, Id. 687; leave to appeal denied, 273 N. Y. 682; *Breese v. Fidelity & Cas. Co. of N. Y.*, 247 App. Div. 850; and *Tromblee v. North American Accident Ins. Co.*, 173 id. 174.)

SAMUEL ZIRN, Appellant, v. CLIFTON N. BRADLEY, and PHILIP L. CARRET and Others, Copartners Doing Business under the Firm Name of CARRET, GAMMONS & Co., Respondents, and Others, Defendants.— Action for libel. Appeal from order directing plaintiff to produce various specified documents and records in connection with his examination before trial. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

---

### (June 25, 1941.)

In the Matter of JOHN A. COSGROVE, an Attorney, Respondent.— Permitting himself to be persuaded by the hysteria of an emotional client, this attorney caused part of her real property to be conveyed to her children in the expectation that it would influence favorably the settlement of a claim by the city of New York against the client. Although there was no attempt to cover up or cloak the transaction and there will be no loss to the claimant because of it, and it appears that the attorney was not seeking personal benefit, yet his act, one of impulsive indiscretion, calls for censure by the court. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of ARTHUR O. GRAVES for Admission to Practice as an Attorney and Counselor at Law. (From the State of Illinois.) — Application granted. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

In the Matter of the Application of WILLIAM F. KENNEY for Admission to Practice as an Attorney and Counselor at Law. (From the State of Missouri.) —